**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Anders E.,

Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

Defendant.

Civil No. 25-3011 (DWF/ECW)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff Anders E.'s complaint seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. (Doc. No. 1.) Plaintiff asks the Court to remand this matter to the Commissioner for further proceedings. (Doc. No. 17.) The Commissioner opposes this request and asks the Court to affirm the denial. (Doc. No. 19.) For the reasons set forth below, the Court grants Plaintiff's request and remands this matter to the Commissioner for further proceedings consistent with this Opinion.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income in July 2022, alleging a disability onset date of June 14, 2022. (Tr. 200-14.)[1] An

---

1 Throughout this Order, the Court uses the abbreviation "Tr." to reference the administrative record. (*See* Doc. Nos. 9, 9-1, 9-2.)

Administrative Law Judge ("ALJ") denied Plaintiff's applications on June 21, 2024. (Tr. 24.) That decision became final on May 29, 2025. (Tr. 1-6.) Plaintiff now seeks review of the ALJ's decision. (Doc. No. 1.)

The ALJ followed the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520(a)(4) (2026) and § 416.920(a)(4) (2026).[2] At step two, the ALJ found that Plaintiff has the following severe impairments: neurocognitive disorder due to traumatic brain injury, social anxiety disorder, panic disorder, depressive disorder, ADHD, and substance abuse. (Tr. 12.) At step three, the ALJ concluded that Plaintiff's severe impairments did not meet or equal any listing in the Listing of Impairments. (Tr. 13.) Next, the ALJ determined that Plaintiff has the following RFC:

> [T]o perform a full range of work at all exertional levels but with the following non-exertional limitations: He is able to occasionally balance, but can never climb ladders, ropes, or scaffolds. He is able to frequently handle and finger with the non-dominant left hand. The claimant must avoid all exposure to hazards including unprotected heights. He is able to understand, remember, and carry out simple instructions. The claimant cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. The claimant is able to frequently interact with supervisors and occasionally interact with coworkers and the public. And finally, he is able to deal with occasional changes in a routine work setting.

---

[2] First, the ALJ determines whether the claimant has engaged in any substantial gainful activity. Second, the ALJ determines whether the claimant has any severe medically determinable impairments. Third, the ALJ compares any severe impairments found to the Listing of Impairments to assess whether the claimant's impairments meet or equal one of the listed impairments. Before moving from step three to step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). Fourth, the ALJ uses the claimant's RFC to determine whether they can perform their past relevant work. Fifth, and finally, the ALJ considers whether the claimant can perform any other job given their RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

(Tr. 15.) In formulating this RFC, the ALJ found the medical opinions of Dr. James W. Huber, a psychological consultative examiner, and Christina Kirchen, Plaintiff's treating psychiatric nurse practitioner, unpersuasive. (Tr. 21-22.) At step four, the ALJ found that Plaintiff was unable to perform his past relevant work. (Tr. 22.) At step five, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 23.) Therefore, the ALJ found Plaintiff is not disabled and the Commissioner denied Plaintiff's applications for disability benefits. (Tr. 23-24.)

**DISCUSSION**

A court will affirm an ALJ's decision to deny benefits if that decision is supported by substantial evidence in the record as a whole and the ALJ made no legal error. 42 U.S.C. § 405(g); *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (citation modified). In some cases, substantial evidence supports two conflicting outcomes, creating a "zone of choice" where the ALJ may exercise their discretion. *See id.* A court will not overturn an ALJ's decision if it falls within that zone, even if it might have reached a different conclusion. *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). A legal error may be a procedural error, use of the wrong legal standard, or improper application of the law. *See Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020). However, even if the ALJ errs, reversal is not required if the error was harmless, "meaning there is no indication that the ALJ would have decided differently if the error had not occurred." *Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021).

Plaintiff argues that the ALJ's evaluation of the medical opinions of Dr. Huber and Kirchen was legally insufficient and unsupported by substantial evidence. An ALJ evaluates a medical opinion's persuasiveness by considering a variety of factors, the most important of which are supportability and consistency. 20 C.F.R. §§ 404.1520c, 416.920c. At a minimum, an ALJ must include some discussion of supportability and consistency in their RFC determination. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability refers to how well the opinion is supported by objective medical evidence or supporting explanations. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency refers to how consistent the opinion is with the evidence from other medical and nonmedical sources in the record. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). A district court's review of ALJ medical opinion evaluations is limited to whether the ALJ adequately analyzed persuasiveness. *Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025). The ALJ's analysis must be "clear enough to allow for appropriate judicial review," but "brevity is not reversible error." *Grindley*, 9 F.4th at 631.

The ALJ rejected Dr. Huber's opinion for two reasons. First, she found that the opinion was inconsistent with Plaintiff's testimony about his regular activities. (Tr. 21-22.) Second, the ALJ found Dr. Huber's opinion was inconsistent with Plaintiff's WAIS-IV exam scores and other mental status exams. (Tr. 22.) This reasoning is legally insufficient. The Eighth Circuit has repeatedly said that "the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work." *Burress v. Apfel*, 141 F.3d 875, 881 (8th Cir. 1998) (quoting *Baumgarten v. Chater*, 75 F.3d 366, 369 (8th Cir. 1996)); *see*

*also Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989) ("[A] claimant need not prove she is bedridden or completely helpless to be found disabled."). Although an ALJ usually must examine the claimant's daily activities, the ALJ here failed to meaningfully evaluate Plaintiff's daily activities because she ignored his testimony about the frequency, pace, and effort those activities take. Instead, the ALJ cherry-picked the record to fit her own narrative. *See, e.g.*, *Amy L. v. O'Malley*, No. 22-cv-3069, 2024 WL 749640, at *4 (D. Minn. Feb. 23, 2024). For example, Plaintiff testified that he only grocery shops twice per month. (Tr. 50.) Plaintiff also testified that he requires alarms and notes to remind him to do the most basic tasks like taking his medication. (Tr. 49.)

As for Plaintiff's WAIS-IV exam scores, the ALJ ignored Dr. Huber's explanation, which acknowledged the WAIS-IV scores but found that other testing showed the need for greater functional limitations. (Tr. 1695.) In doing so, the ALJ failed to meaningfully evaluate the supportability factor. Rather, the ALJ made a conclusory statement about the supportability of Dr. Huber's opinion and made her own lay inferences about the medical reports that ran directly in contrast to an expert's explanation. *See Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975) (holding that an ALJ may not draw upon their own lay inferences from medical reports). Accordingly, the Court finds that the ALJ erred in evaluating Dr. Huber's medical opinion. This is not a harmless error because the ALJ may have decided differently if Dr. Huber's opinion had not been discounted.

Upon finding this was not a harmless error, the Court does not fully reach whether the ALJ erred in her consideration of Kirchen's opinion. However, the ALJ should revisit both opinions on remand when reconsidering Plaintiff's RFC.

# ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Anders E.'s request for relief (Doc. No. [17]) is **GRANTED**.

2. The Commissioner's request for relief (Doc. No. [19]) is **DENIED**.

3. Pursuant to 42 U.S.C. § 405(g), this matter is remanded for further proceedings consistent with this Opinion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 1, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge